The next case is Affordable Aerial Photography v. Property Matters. Andrew Lochtan is here for Property Matters, the appellant. Daniel D'Souza is here for Affordable Aerial Photography. And Mr. Lochtan, you may begin when you're ready. Good afternoon, your honors, and may it please the court. This case concerns the proper construction and application of the Copyright Act statute of limitations for civil actions. Does it concern that or does it concern whether you can be a prevailing party if in the face of a voluntary dismissal? I believe it does and I believe that the the court supplemental question with regard to 70,670 in U.S. currency highlights that point because all of the court's cases that have found that there is no prevailing party when there's a voluntary dismissal. Turn on concepts that are not applicable here because none of those cases addressed the preclusive effect of the dismissal after the limitations period has expired. Let's assume, let's just even assume, that the statute of limitations ran, okay? How are you still the prevailing party? Because a prevailing party is a legal determination that results from the And in this case, my client can never be sued again because the statute of limitations has run. This goes back to the Supreme Court's decision in Willard v. Warren. But under the statute in question, the award of fees is discretionary. The court in its discretion, correct? It is not a shall. That is correct, but I think that's actually getting to the second point and this case only turns on the question of prevailing party status. The determination of... You may award a reasonable attorney's fees to the prevailing party. Yes, and the district court only determined that my client was not the prevailing party based on the misapplication of the Copyright Act statute of limitations. But the magistrate judge did not. I mean, the magistrate judge did a further determination about the Foley factors and found that you didn't meet those, correct? The magistrate judge did make a recommendation that the district court did not pass on. We objected to those issues for the reasons in our... I mean I trust you, Your Honor, I understood the Fogarty and Kurtzsang factors. So the district judge didn't consider the Fogarty factors? She did not, no. She ruled solely based on the Copyright Act statute of limitations and its application. So the district court didn't exercise its discretion not to award attorney's fees? That is correct. I can understand why you would want the prevailing party decision, not only in the context of this case, but it seems that Affordable Ariel has filed at least 174 lawsuits. I can certainly understand why your client would be looking for these voluntary dismissals to provide some kind of respite to your clients, because I can imagine it's expensive. 174 is a lot. There's been a lot of voluntary dismissals. I just still have trouble seeing how a voluntary dismissal is the court's imprimatur on a change in the legal relationship between the two parties. Well, I think that turns on the application of the statute of limitations, and I believe even my friend concedes the point that a dismissal with... We do not have to accept a concession by the parties, because if you have made a stipulation that the sky is red and the sky is not red, or that we have jurisdiction and we don't have jurisdiction, we do not have to accept an erroneous interpretation of the law. That is correct, Judge Lagoa. So I don't have to accept that stipulation by the parties? That is true, but this court has held that a voluntary dismissal with prejudice does render the defendant in the prevailing party, and that was the Matthews case. And so that is the precedent of this circuit. So our position is that the statute of limitations and its application creates a preclusive dismissal that is, in the words of this circuit's precedent, tantamount to a dismissal with prejudice, and therefore renders my client the prevailing party. Now, that doesn't mean that my client is going to be awarded its fees. That would require remand back to the district court in order to assess the 505 factors under Fogarty and Kurtzang, but it does mean that my client would be the prevailing party, achieve that legal status, and that is what we're here to discuss. And in the case that you discussed, did that case have a voluntary dismissal? Yes, it did. Was it an entry of dismissal by the district court judge? That was a voluntary dismissal, but I believe your question, if I understand it correctly, is turning on the notice versus order. Is that right? Because here, obviously, there was no need for the district court judge to enter an order because there was a notice of dismissal and no answer had been filed. I believe that's actually incorrect under this circuit's precedent because a notice of voluntary dismissal cannot be used to dismiss anything less than the entire action, and that is not what occurred here. Only the claim against my client was dismissed, leaving claims against the other co-defendant, Home Junction, and under this circuit's precedent, nothing less than the entire action can be dismissed on a notice. So what that notice really was, to use this court's precedent, was a motion to the district court and she entered that order dismissing the claims against my client, which she did, I would suggest, probably pursuant to the Rule 21 authority to Now, I don't think that we can disentangle the two concepts of the application of the statute of limitations from this question because, as I said, the whole point about the imprimatur is that the dismissal is going to be tantamount to a with prejudice dismissal when we apply the statute of limitations correctly, and as a straightforward matter of statutory interpretation, Section 507B adopts the standard rule that a claim accrues when a plaintiff has a complete and present cause of action, and in the copyright context, to use the words of this circuit's Neely decision, that means when the harm, that is the infringement, occurs no matter when the plaintiff learns of it. Now, my friend on the other side is advocating for an atextual discovery rule, but that has no basis in the text, no basis in this court's precedent, and it has been derided by the Supreme Court as bad wine of recent vintage, and as recent as a few weeks ago, was addressed by three justices of the court in stating that the Copyright Act does not tolerate a discovery rule, and this point is critical because when the dismissal in this action occurred, it was more than five years after the allegedly infringing act occurred, so there is no way for this claim to be refiled. I would concede that the first case can be maintained because there's the possibility that when a claim accrues under the Injury Rule, which is the standard rule, there is the possibility for equitable tolling. The case gets to go forward, and the plaintiff gets to attempt to make a case, even if the claim would otherwise be untimely, but now since the case has been dismissed more than five years later, that ship has sailed, and the dismissal is preclusive and renders my client the prevailing party. I also think that the issue with $70,670 in U.S. currency doesn't directly address this point, because it doesn't pass on the question of prevailing party status. It addresses a civil forfeiture statute, in which case fees are only applicable if a claimant substantially prevails, and that standard is very similar to the different roles in an in rem proceeding from an in personam proceeding like we have here. In a civil forfeiture case, the claimants, though they don't have as great a burden as they used to prior to the amendment to the civil forfeiture statutes, they still do have a burden to come forward and establish standing, just like a plaintiff would, and they are seeking affirmative relief from the court, just like a plaintiff does. And in the $70,670 case, the claimants in that action obtained no relief from the court because the money was transferred to the victims of their unlawful activities, and the government was free to refile because there was no preclusive effect. And as some courts have addressed, the aspect of a civil forfeiture claim actually touches on the concept of prosecutorial discretion, and we afford greater leeway to the government to be permitted to drop cases in situations where there's no practical benefit to going forward. I think that the Beach Blitz and CRST cases are much more applicable here because they approach the common sense idea of looking to prevailing party status, and under a common sense approach, as Beach Blitz indicated, although it didn't hold, a preclusive dismissal is a strong indication that a plaintiff has been completely rebuffed and that the defendant prevails. That's with prejudice, right? And that is the effect of the Copyright Act statute and limitations as it applies. Yeah. Doesn't something having the effect of being preclusive lead to a different result than something that has the intention of being preclusive? If the judge intends to preclude further action, then the judge has made a decision. This case cannot go forward for some set of reasons, whereas if the judge dismisses without prejudice, perhaps, you know, the judge hasn't considered that. So it's not the judge making a judgment, if you will, about whether the case should go forward. It's just saying, I will let you dismiss it at this time. Well, I think there's some reason that the judge is not aware of working at the background that means the case couldn't be brought again. Well, I think that goes, and that touches on some points in our supplemental brief. I want to talk to you about the supplemental brief, okay? Can you answer my question? No, but I understand, but that was not raised in your reply brief. Which part, Your Honor? The issue of this new rule that you're saying that had to be a claim that you had to ask under Rule 21. I can't remember what the rule is that you're claiming now. That was not raised in either your initial brief or your reply brief. Because the supplemental question, it was addressing the court's supplemental question. Okay. But the point about the preclusive dismissal was raised in my initial brief, and that was, I believe, Section 3 in the brief. I'm sorry. Answer Judge Grant. I apologize, Judge Grant. Could you? I got lost. Whether there's a difference between a judge making a decision that a case should not be brought again or could not be brought again versus a judge agreeing to dismiss the case, but perhaps there's some reason in the background that the case couldn't be brought again. Are those two things different? Well, I don't believe so. Because first, the Blitz case tells us that we have to look beyond labels and actually look at the effect of the dismissal. But I do agree that if it was my client who was seeking the dismissal, then the court would have been required to consider the prejudice to the plaintiff. Just like in the direct TV case that I cited in the supplemental brief, dropping a party or a voluntary dismissal does have the potential of prejudicing the plaintiff. But when the district court asks for that result, then the court doesn't need to engage in whether or not granting the plaintiff the relief it requests is going to cause it a prejudice. Because that plaintiff is not going to be able to appeal getting exactly what it asked the court for. Thank you. I see my time is up and I'll reserve the rest. Thank you, Mr. Lochtan. We'll hear from Mr. D'Souza. Good afternoon, Your Honors. I'll start by addressing the court's supplemental question. And Mr. Lochtan uses words like tantamount and equivalent, but the reality is judicial imprimatur has a meaning. There's a meaning under the case law and I've yet to see a case that says that the word means anything other than court action. What we had here was a Rule 41a1a, notice of voluntary dismissal without prejudice. That is self-executing. It ends the entirety of the case. There is no further action required by the court. Now, Mr. Lochtan cites to a district court case in the Southern District, Tom O'Leary, which then refers to three appellate court cases that says, well, that is tantamount to a dismissal with prejudice, but only in the context and all three of those cases and every case that I've seen is in the context of a court dismissing a plaintiff's action as a sanction for failure to comply with some court order. And in those cases, the court is concerned with, is it too harsh of a sanction where even though a district court labels it as without prejudice, is it too harsh of a sanction when the net effect is tantamount to a dismissal with affirmative court action? Here, the court took zero action. Shouldn't we have concern though about an entity that files dozens of lawsuits and then repeatedly seems to dismiss without prejudice after, to voluntarily dismiss after the targets of those lawsuits have spent who knows how much in legal fees? Well, to answer your question in two parts, Your Honor, A, I don't believe the 174 lawsuits is relevant. If you look at the dockets of any one of the courts across the country, you'll see trademark infringement lawsuits brought by coach, hundreds of lawsuits. You'll see copyright infringements. I forgot the case citation. I apologize. I think it's a Malibu media case. They make videos that says, but that is what the victim of mass infringement does. They have no choice but to file many lawsuits. The second part... Then why dismiss if it's a good claim? Well, this is the second part of your question. I would venture to say that the 174 lawsuits that you're referring to, if 172 of them are dismissed, it is because the parties reached an amicable settlement and there is a settlement and a dismissal with prejudice. I don't know the exact number, but certainly there's this case where there was a notice of voluntary dismissal without prejudice, which came from the plaintiff actually acknowledged responsibility after the lawsuit was filed, and maybe one or two other cases where there was a dismissal without prejudice. Perhaps the plaintiff made a mistake. Perhaps the plaintiff just decided, I don't want to carry through with this case anymore. But to analyze it as there's 174 dismissals without prejudice would be to suggest that this plaintiff was wrong 174 times. And some of those dismissals with prejudice could be where each side decided to bear their own fees and costs, correct? Very well could be. I don't have all 174, but . . . No, I understand that. But I mean, there's a lot of reasons why cases settle. There is. And it doesn't necessarily mean money exchanges hands. It could just be there's a settlement. The parties decide to resolve a case at that point. So without court action, I don't believe that there is judicial imprimatur here, which is the requirement under controlling case law. And Mr. Lochtan avoided mentioning, ironically, another affordable aerial case that this court decided in February, which was Trends Real Estate versus Affordable Aerial Photography. And in that case, this court very specifically, and the context there was it was a 41A2 motion to voluntarily dismiss without prejudice. And there was opposition to the motion to dismiss. Ultimately, the court decided, because after it was granted, the defendants appealed, they filed a motion for attorney's fees and they appealed. They said, we're entitled to fees. And this court, in analyzing that appeal, again, as I think your Honors pointed out, can affirm on any basis whether it was raised in the lower court or not, was this notion of was that dismissal without prejudice rendering the defendants prevailing parties? And those defendants argued, just as Mr. Lochtan did, as one of his colleagues from across the state, they argued just as they did here, that a dismissal without prejudice when the statute of limitations has run conveys prevailing party status and therefore, I am entitled to my attorney's fees. This court very specifically said, and I quote from Trends, the order of dismissal does not prevent AAP from refiling its claims. And even assuming future action by AAP may be unlikely or now barred by the statute of limitations, those facts are irrelevant because the court did not rebuff or reject AAP's claims on any grounds. And that's the judicial imprimatur standard that I think Mr. Lochtan is overlooking here. And by citing the cases that say, we don't want to prejudice a plaintiff by misconstruing those cases and equating the word tantamount with what is actually judicial action. And so because of that, I don't think the court needs to reach the issue that Mr. Lochtan wants to present, which is does the discovery rule or does the injury rule apply in this circuit? But if the court does reach that question, and I hate to ask a question as part of my argument, but the question is, what does the First Circuit, the Second Circuit, the Third, the Fourth, the Fifth, the Sixth, the Seventh, the Eighth, the Ninth, and the Tenth all have in common? And every one of them, the answer is every single one of them has imposed a discovery rule for claim accrual under the Copyright Act. Sometimes we get it right the first time, though. Sometimes. Sometimes. But Mr. Lochtan's opinion is every single one of those courts did not do an analysis. Every single one of those courts was wrong. Every single one of two hundred district courts across the country are wrong as well, and that his interpretation, his textual interpretation of the Copyright Act is the only one that is correct. We have two prior Eleventh Circuit cases, Webster versus Dean Guitars and Music, and don't those cases sort of imply silently that the discovery rule applies just when the gravamen of the issue is ownership rather than infringement? This is an infringement case. This isn't an ownership case. I think those cases avoid the issue largely as opposed to silently imply. My position would be in the case of an ownership case, which was Webster and which was Neely, here is the accrual that we will apply. The problem that I find with the argument from the other side is Mr. Lochtan stood here and said it is an atextual approach to graft a discovery rule onto a statute of limitations. An ownership claim is subject to the same Section 507B statute of limitations. It simply says a claim accrues or thou shalt not bring a claim with three years after the claim has accrued. If an ownership claim is subject to the same statute of limitations as an infringement claim, then one cannot say we can graft a discovery rule onto an ownership statute of limitations interpretation, but we can't do it with respect to an infringement claim. I would go further to say that at least in Neely, and also I believe in Starrs out of the Ninth Circuit, and Neely very directly took this on, because Neely did not involve statute of limitations accrual. It involved the damages look-back period. Supreme Court just dealt with that earlier this month, but in Neely, this court, when looking at Soam out of the Second Circuit, said the Soam decision, which limited damages in an infringement case to the three years prior to the complaint being filed, would eviscerate the discovery rule because what is the point of having a discovery rule that one can sue for violations that occurred more than three years before, but one can only get damages for things that happen within the three years. And so I think Neely implicitly recognized that there's an issue here. And the issue is, does the discovery rule apply or not? Certainly in Neely and in Webster, we're not reaching infringement. We're only dealing with ownership, but I don't see how the court can apply a discovery rule and say there are different rules of accrual for the same three-line sentence as to what accrual means. I think in the opening brief, Mr. Lockton relies heavily on MSPA, which is from this court, and that involved the federal catch-all statute of limitations, 1658, which has the word accrue. Same as 507B has the word accrue. And there, this court reached the conclusion that at least with respect to 1658 in particular, no discovery rule would apply to interpretation of accrual under that statute. I say we have a different statute here, Your Honors. We have 507A and we have 507B. I think the Third Circuit and Graham is probably the most extensive discussion of the difference between these two. 507A is the criminal statute of limitations. 507B is the civil. 507A uses the word within X amount of years of a claim arising, whereas 507B uses a different word, which uses the word accrues. And the Third Circuit and Graham went through the legislative history. The Third Circuit and Graham went through policy arguments. But essentially, if we look at the history as to how these statutes came about, the word arise came out in the 1957 Copyright Act, the amendments to the Copyright Act in 1957. Just years before that, the Supreme Court had the chance to interpret both the word accrue and the word arise in two different contexts. In the civil context, the Supreme Court interpreted the word accrue as essentially being the discovery rule. When the plaintiff should have discovered, did discover or should have discovered, with the word arise in the criminal context, the Supreme Court interpreted that as being essentially the violation, when the violation occurs. And so then we have a statute of limitations in the Copyright Act that seizes on both of those words. We have the word arise in the criminal action and accrue in the civil. I think the statutory canon is Congress would not use one word if it was superfluous when the other word would have the same meaning as it is. Obviously, that's what Mr. Lochtin says, is both of those words can be used interchangeably. I will also say, Your Honors, I don't think MSPA is the be-all and end-all, I apologize, of the discussion. This court itself has certainly interpreted the word accrue in various statutes of limitations based on the legislative history and based on the context of those statutes as mandating a discovery rule, or at least as including a discovery rule, things like Section 1983 actions, the tort reform action, these are all statutes of limitations that use the word accrue, to which this court in several opinions has said that means when a plaintiff discovered or reasonably should have discovered the violation. And if we're talking about policy, I think in the briefing here, the appellants say, well, copyright is a public tort, it's a public action. Therefore, someone should be on notice of this the moment that it happens, and therefore an injury rule does make sense in this context. I certainly disagree. I think the Third Circuit covered this in Graham. We're dealing in a different world today than we were 50 years ago. The advent of the internet sees a billion websites out there, a million websites are created on a daily basis. I think the question that was posed to Mr. Lochtin is the revealing one at the evidentiary hearing in this case, which was when the magistrate asked him, let me get this straight, you're telling me that if a van leaves a garage in San Francisco, and that van happens to have AAP's photo plastered on the side of it, AAP is somehow on notice and the statute of limitations begins to run the moment that van is painted, even if it's still sitting in the garage. And the answer from Mr. Lochtin was absolutely. That is when the statute of limitations begins to run. Even though AAP is sitting in Palm Beach taking photos of houses here in Palm Beach, AAP is on notice. From a policy standpoint, the public display is an exclusive right under the Copyright Act, but public display does not mean that the moment someone puts a photograph on Facebook, a professional photographer is somehow obligated to drop everything he's doing on a daily basis, review a billion pages on the internet in order to determine whether his work is being infringed. So in conclusion, I would invite this court either A, to not reach the issue, because there was no prevailing party here and there was no judicial imprimatur, or B, if the court is going to reach this issue, to join all of its sister courts in reaching the exact same conclusion that a discovery rule applies. Thank you. All right. Thank you, Mr. D'Souza. Mr. Lochtin, you've reserved some time for rebuttal. Yes, thank you, Your Honor. Um, as I heard from the argument just now, to start with, uh, judicial imprimatur requiring court action. That is what we have here. My friend chooses to ignore this court's precedent that his notice of, that his attempted notice was invalid. This court has been very clear on that point. The notice could not have dismissed my client. It was only by court action. The tantamount to dismissal with prejudice, it comes up in other contexts, but it comes up rarely given the posture of, of cases. But the Huffnagle case, where this court addressed a rule 41A to dismissal, determined that the argument that the plaintiffs were dismissing voluntarily without prejudice, didn't prejudice the defendant because of the preclusive effect of that dismissal, putting the defendant in the same position as if it had prevailed in the case. There was no prevailing party fee statute. So the court didn't need to reach the issue, but the Supreme court stated back in the 1800s, 1896, I believe to be exact, that a dismissal after the limitations period has run for any reason, bars the remedy from future suit. Now, my friend tries to tie in the trends realty case and bring the statute of limitations into that. That unpublished decision, however, turned on the fact that dismissal was not preclusive. And that's different than this case. Now there was some language stating that it may not have mattered, but the court didn't really take up that issue and it's not binding on this court, but the court's binding cases do direct the outcome of this action. This case is prevented from being refiled. My client did prevail and it would have to go back and argue for fees under the 505 factors. But this is about prevailing party status alone. My friend also cites to the other circuits, but he misstates what some of those court, some of what, what some of those circuits have held. In fact, the third circuit flatly contradicts his position as he just stood up here and told you. The Graham one case did state what he said. Shortly thereafter, the Graham two case came out and said, actually we were wrong. The accrual of the cause of action occurs at the moment that the injury occurs, but a discovery rule applies in appropriate circumstances to toll the limitations period, and that difference between accrual and tolling is critical here. As this court has held in its, in its Praylor decision and addressed in Fidan's case, those are different doctrines. Accrual changes when the cause of action, accrual deals with when the cause of action can be brought. Tolling delays the limitations period after it has accrued. These are two distinctly different concepts. The MSPA claims case. Yes, that was not dealing with a copyright act. We fully concede that, but it did lay out the framework for analyzing statutes of limitations. And taking, um, leading from Rotkiski, the court stated, we look first for ambiguity in the term. And then we look for plausibility. The Copyright Act unambiguously adopts the injury rule. This court actually quoted judge Murphy in his concurrence, stating such in the MSPA case. But even if it did, even if it isn't unambiguous, it's at least plausible because Congress legislates from a background principle that the standard rule applies and a background principle that justice Scalia referred to as Hornbook law, that equitable tolling applies and equitable tolling is mutually exclusive from a discovery rule that affects the date of accrual. Can you, can you address the Trens Realty case? Yes. The Trens Realty case was a rule 41A2 dismissal without prejudice. And as this court held in the unpublished decision, the reason that the defendant was not the prevailing party was because the plaintiff was not barred from refiling the case. I thought it also had languages that even if it was, it wouldn't, um, it would still not be the prevailing party. There was language to that effect. Uh, but I don't believe that that issue was fully fleshed out. And given that it's unprecedented, it's, um, non-binding status. I don't think that would control the day, particularly in light of this court's binding precedents that hold that once, when the claim is dismissed after the cause of action, after the limitations period has expired, it is preclusive because it cannot be refiled. Um, I would also like to point out the issue that my friend brings up about ownership claims versus infringement claims and your honor judge Wilson. And I know you wrote the Webster decision, but the ownership issue is not technically a 507 question. As your honor wrote, it's about the idea that the ownership claim, which is an ownership is an element of an infringement case, but ownership, the court looked to declaratory judgment claims and the declaratory judgment act doesn't have a statute of limitations. Congress didn't set when those claims accrue. So we do apply and we look to the, to a discovery rule because those kinds of claims accrue only one time distinguishing from infringement claims that accrue every time an infringing act occurs. I guess my, my, my question regarding the trends case is, I don't know who wrote it, but the, it says, and even assuming future action by AAP may be unlikely or now barred by the statute of limitations. These facts are irrelevant because the court did not rebuff or reject AAP's claims on any grounds, suggesting that judicial, uh, stamp of approval means that the, you either have to rebuff or reject, that there has to be some kind of determination on the merits. What's your, what's your response to that? I would say that both Beach Blitz and CRST have specifically said that it does not have to be a merits-based dismissal. And so there does not have to be a rebuffing by the district court on the merits of the claim. Okay. Thank you. Thank you, your honor. Thank you, counsel. Court is in recess for 15 minutes.